**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy D. Montgold,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-20-01320-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Randy D. Montgold's Application for Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 19). Defendant SSA filed an Answering Brief (Doc. 20), and Plaintiff filed a Reply (Doc. 21). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 16), and reverses the Administrative Law Judge's ("ALJ") decision (AR at 604-617) and remands this matter for a new hearing for the reasons set forth herein.

**I.    Background**

Plaintiff filed an Application for SSI benefits on September 17, 2013, alleging disability beginning on November 30, 2009.[1] (AR 604). ALJ Peter J. Baum issued a decision denying Plaintiff's Application on June 6, 2017. (*Id.* at 17-29). The Appeals

---

[1] Plaintiff filed two prior applications, one on February 21, 2008, which was denied on February 25, 2011, and another on August 23, 2011, which was denied on February 23, 2012. (AR 604).

Council denied review and Plaintiff appealed the decision to the District Court. On June 29, 2019, District Judge James A. Teilborg reversed and remanded the decision of the ALJ for further proceedings and a new decision. (Doc. 16-11). Thereafter, Plaintiff filed a fourth Application for SSI benefits on June 12, 2018, which the Appeals Council consolidated with Plaintiff's September 17, 2013 Application. (AR 604).

A second hearing was held before ALJ Baum on April 13, 2020. (AR 625-39). Plaintiff was 49 years old at the time of the hearing and did not have past relevant employment. (*Id.*) Plaintiff's Application was denied by the ALJ on May 1, 2020. (*Id.* at 617). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of degenerative joint disease of bilateral knees, depressive disorder, borderline intellectual functioning, and lumbar degenerative disc disease without radiculopathy. (AR 607). While the ALJ noted that Plaintiff's severe impairments limited his ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work. (*Id.* at 611). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.    Legal Standards**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision,

the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   Analysis**

Plaintiff raises numerous issues on appeal. Plaintiff first argues that the ALJ failed to properly weigh the medical evidence of record in determining Plaintiff's RFC. (Doc. 19 at 14-21). Plaintiff argues the ALJ erred in giving little weight to Melba Media, R.N., in giving significant weight to consultive examiner Maryanne Belton, Psy.D., in giving little weight to vocational evaluator Joseph Burridge, in failing to identify the reasons for the weight given to the opinion of consultive examiner James Frizzell, Ph.D., and in failing to identify the reasons for the weight given to the opinion of consultive examiner Steven Hirdes, Ed.D. (*Id.*) Plaintiff also argues that the ALJ erred at Step Two in determining that

his cubital tunnel syndrome and asthma were not severe impairments. (*Id.* at 22). Plaintiff contends his case should be remanded for a *de novo* hearing and a new decision. (*Id.*)

When evaluating medical opinion evidence in cases filed prior to March 27, 2017, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Generally, opinions of treating physicians are entitled to the greatest weight; opinions of examining, non-treating physicians are entitled to lesser weight; and opinions of non-examining physicians are entitled to the least weight. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).[2] While greater weight is generally afforded to treating physicians, a "treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 & n. 7 (9th Cir. 1989). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

When examining doctors "provide independent clinical findings that differ from the findings of the treating physician, such findings are themselves 'substantial evidence.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) (*quoting Orn*, 495 F.3d 625, 632) (other citations omitted). "As is the case with the opinion of a treating physician, the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830–31. "And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor,

---

[2] The regulations provide that the amount of weight given to any medical opinion depends on a variety of factors, namely: whether the physician examined the claimant; the length, nature, and extent of the treatment relationship (if any); the degree of support the opinion has, particularly from medical signs and laboratory findings; the consistency of the opinion with the record as a whole; the physician's specialization; and "other factors." 20 C.F.R. §§ 404.1527(c)(1)–404.1527(c)(6).

can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). This means that an ALJ must "do more than state conclusions." *Id.* Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* The Ninth Circuit requires this exacting standard "because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Id.* (*quoting Orn*, 495 F.3d at 633).

**A.     Melba Media, R.N.**

Plaintiff argues that the ALJ automatically discounted examining nurse Media's opinion because she was not an acceptable medical source. (Doc. 19 at 16). The Commissioner argues that the ALJ gave adequate reasons for giving little weight to this opinion. (Doc. 20).

At the time of Plaintiff's hearing, a nurse was not an "acceptable" medical source. *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). Thus, to reject the opinion of a nurse, the ALJ only needed to provide "germane" reasons for doing so. *Id.* at 906.

Nurse Media opined that Plaintiff had marked limitation in responding to criticism from supervisors and that he had extreme or marked limitations in most aspects of concentrating and persisting. (AR 398-401). Media also opined that Plaintiff would have extreme difficulty completing a normal workday without interruptions. (*Id.*)

While merely stating that Nurse Media's status as an "unacceptable" medical source would not be a germane reason to reject her opinion, the ALJ cited multiple reasons to give this opinion little weight. *See Camilli v. Berryhill*, No. 18-CV-06322-JSC, 2019 WL 3412921, at *8 (N.D. Cal. July 29, 2019) (citing *Popa*, 872 F.3d at 907). The ALJ first noted that Nurse Media was not an acceptable medical source and that her opinions are

equal to that of a lay opinion. (AR 614). He further found that Media's opinions of extreme limitations in concentrating and persisting were not supported by the evidence in the record, and that her opinion that Plaintiff would have marked limitation in responding to criticism from supervisors had no support in the record. (*Id.*) The ALJ determined that Nurse Media's opinions were not supported by the record and he gave them little weight. In making this determination, the ALJ cited to medical evidence in the record that contradicted Nurse Media's opinion. (*Id.*) The Court finds that the ALJ provided germane reasons for giving little weight to this opinion, and thus did not err in doing so.

### B.     Dr. Maryanne Belton

Plaintiff next argues that the ALJ erred in giving significant weight to the opinion of Dr. Belton, arguing that Dr. Belton did not provide an opinion, but rather provided "nothing more than a guess" as to Plaintiff's limitations. (Doc. 19 at 18).

Plaintiff underwent a psychological consultive examination with Dr. Belton in 2018. Dr. Belton noted that Plaintiff scored 30 out of 30 on a mini-mental status exam and presented with no evidence of comprehension deficits. (AR 924-32). While Dr. Belton acknowledged that she did not have the opportunity to fully evaluate Plaintiff's intelligence, she stated that she was able to opine that Plaintiff could perform simple tasks and maintain sufficient attention to complete those tasks. The ALJ gave significant weight to this opinion. (*Id.* at 613). In doing so, the ALJ considered Dr. Belton's statement that she did not have the opportunity to fully evaluate Plaintiff, thereby limiting the opinion to her observation that Plaintiff could perform simple tasks and maintain sufficient attention to complete those tasks. (*Id.*)

The ALJ properly considered the limited opinion that Dr. Belton gave as to Plaintiff's functional abilities and found it to be consistent with the evidence of record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). And, as the ALJ "is the final arbiter with respect to resolving ambiguities in the medical evidence," the Court will not disturb this finding. *See Tommasetti*, 533 F.3d at 1041-42.

### C. Dr. Frizzell and Dr. Hirdes

Plaintiff argues that the ALJ failed to explain the weight given to the opinions of consultive examiners Jason Frizzell, Ph.D., and Steven Hirdes, Ed.D. (Doc. 19 at 19-20). Plaintiff argues that the lack of citation to the record or explanation does not allow for meaningful review of the ALJ's decision. The Court agrees.

Dr. Frizzell opined that Plaintiff had significant limitations in understanding, memory, sustained concentration, and persistence. (AR 544-50). He further opined that Plaintiff had intellectual problems that could interfere with his ability to make decisions and could inhibit his response to stressful situations and hazards in a work environment. (*Id.*) Dr. Hirdes opined that Plaintiff's potential for success in employment was "fair to quite poor at best," based on his major depressive disorder and borderline intellectual functioning. (AR 374-81). The ALJ gave partial weight to both opinions, without stating legitimate reasons for doing so. (*Id.* at 615).

The Commissioner argues in Response that the ALJ gave Dr. Frizzell's opinions partial weight "because they were generally consistent with the evidence in the record, but Plaintiff had fewer limitations than opined." (Doc. 20 at 10-11). However, this is not what the ALJ stated regarding Dr. Frizzell. In fact, the reasons given by the ALJ to assign little weight to the opinion seem to support giving the opinion significant weight. After a thorough summary of Dr. Frizzell's opinion, the ALJ concludes, "this opinion is given partial weight; it is generally consistent with the medical evidence of record and Dr. Frizzell is a qualified expert who had the opportunity to evaluate, test, observe, and examine the claimant face to face, and his opinion is consistent with his findings." (AR 615). In making this determination, the ALJ did not cite to a single piece of evidence in the record, explain what portions of the opinion were considered, or give any explanation as to why the opinion was given partial weight.

Alternatively, the Commissioner argues that to the extent the opinions of Dr. Frizzell and Dr. Hirdes exceeded the ALJ's RFC finding, the ALJ properly rejected those opinions as being inconsistent with the record. (Doc. 20 at 11). The Court disagrees.

The ALJ did not state that he rejected portions of these opinions as being inconsistent with the record. Nor did he cite to any records when deciding to give both opinions partial weight. While the Commissioner provides numerous citations to the medical record to bolster her arguments, the ALJ did not cite to these records in weighing the medical opinion testimony and the Court cannot consider them as a basis to affirm the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *see also Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court reviews only the "reasoning and factual findings offered by the ALJ–not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking").

The ALJ has not provided any analysis for the Court to "meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Therefore, the Court finds that the ALJ did not provide specific and legitimate reasons supported by substantial evidence in the record to give partial weight to the opinions of Drs. Frizzell and Hirdes. *See Andrews*, 53 F.3d at 1043. And, because the limitations opined by Dr. Frizzell and Dr. Hirdes were greater than the RFC applied by the ALJ, this was harmful error.

Because the Court has found error in the consideration of the medical opinions as discussed above, the Court will not consider Plaintiff's argument related to the ALJ's Step Two findings or the consideration of the vocational expert's testimony.

**IV.    Remand for Further Proceedings**

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate."

*Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the proper standards. Additionally, Plaintiff requests a new hearing and decision. (Doc. 19). Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate, to hold a new hearing, reconsider the medical opinion evidence of record, and issue a new decision.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to allow the Commissioner to further evaluate the medical opinion evidence, reevaluate Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions, and issue a new decision.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 28th day of October, 2021.

Honorable John J. Tuchi
United States District Judge